**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30167 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00169-DCN-2 |
| v. | |
| ANDREA JOYCE STEELE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Andrea Joyce Steele appeals from the district court's judgment and

challenges the 21-month sentence imposed following her guilty-plea conviction for

conspiracy to distribute and possess with intent to distribute methamphetamine, in

violation of 21 U.S.C. §§ 841(a)(1) and 846.  We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

The government argues that Steele's appeal is barred by the appeal waiver in her plea agreement. Steele argues that the waiver is unenforceable. Even if the waiver does not apply, Steele's claims fail on the merits.

Steele contends the district court procedurally erred by failing to consider her request for a shorter sentence and adequately explain why a shorter sentence was insufficient to meet the goals of sentencing. The district court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record reflects that the court considered Steele's mitigating arguments and gave them substantial weight in deciding to impose a sentence below the Guidelines range. It also explained that a 21-month sentence was warranted in light of the seriousness of the offense and the impact of methamphetamine distribution on society. Contrary to Steele's argument, this explanation is sufficient to permit meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Steele also contends the sentence is substantively unreasonable in light of her post-offense rehabilitation and other mitigating circumstances. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See*

*Gall*, 552 U.S. at 51.

**AFFIRMED.**